UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELECTRIC BENEFIT FUND, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:24-cv-00217-TDC |
| NORTHGATE EQUITIES, INC., | * | |
| Defendant | * | |

**AMENDED REPORT AND RECOMMENDATION**

This is an action seeking payment of delinquent contributions owed to a multiemployer pension plan under the Employee Retirement Income Security Act ("ERISA"). Pending before the Court is Plaintiff Trustees of the National Electric Benefit Fund's ("NEBF's") Motion for Default Judgment. ECF No. 13. For the reasons discussed below, I recommend that the Motion be granted and that Plaintiff be awarded damages in the amount of $91,267.64.

**BACKGROUND**

According to Plaintiff's Amended Complaint, NEBF is a Maryland-based multiemployer pension benefit plan. ECF No. 5, at 2. Employers, like Defendant Northgate Equities, Inc., agree to contribute to NEBF pursuant to collective bargaining agreements with the International Brotherhood of Electrical Workers ("IBEW") or one of its affiliated local unions. *Id.* According to the Complaint, Defendant was contractually and legally obligated to submit contributions to NEBF as a signatory to a collective bargaining agreement with IBEW. *Id.* at 2–3. Specifically, the collective bargaining agreement required Defendant to contribute to NEBF three percent of gross labor payroll paid to or accrued by Defendant's union-represented employees, and to submit

1

such contributions within fifteen days of the end of each month.  ECF No. 13-6, at 28.  As a signatory to the collective bargaining agreement, Defendant was also bound to the terms and conditions of the Restated Employees Benefit Agreement and Trust for the NEBF ("NEBF Trust Agreement"), which governed NEBF's administration.  *See* ECF No. 5, at 3; ECF No. 13-4, at 2.  According to Plaintiff's Amended Complaint, Defendant failed to pay NEBF at least $81,216.73 in contributions for work that Defendant's union-represented employees performed from November 2022 through December 2023, of which $66,835.02 remained unpaid.  ECF No. 5, at 3.

On January 23, 2024, Plaintiff brought an action seeking payment of Defendant's unpaid delinquent contributions, pre-judgment and post-judgment interest, liquidated damages as permitted by the bargaining agreement, and all reasonable attorneys' fees and costs of suit.  *Id.* at 4–5.  On January 24, 2024, the Court issued a summons as to Defendant.  ECF No. 2.  Plaintiff's process server made personal service on Defendant's bookkeeper, Amy McCauley, on February 23, 2023.  ECF No. 6.  On March 15, 2024, Plaintiff returned the summons as executed on Defendant.  *Id.*  Defendant's response to Plaintiff's Complaint was due to be filed on or before March 15, 2024.  *See id.*  Defendant has failed to make an appearance, answer the Complaint, or otherwise take any action in this case.

On March 20, 2024, Plaintiff moved for a Clerk's Entry of Default against Defendant, ECF No. 7, and the Clerk entered an Order of Default against Defendant, ECF No. 8.  On April 26, 2024, the Honorable Theodore D. Chuang granted Plaintiff leave to file a Motion for Default Judgment.  ECF No. 12.  On April 30, 2024, Plaintiff moved for Default Judgment against Defendant in the amount of $91,267.64.  ECF No. 13-4, at 3.  In support, Plaintiff attached the affidavit of Darrin E. Golden, NEBF's Executive Secretary-Treasurer, which details the amount

Defendant owes to NEBF.  ECF No. 13-4.  Plaintiff also attached the affidavit of Peter J. Tkach, Plaintiff's counsel, in support of Plaintiff's request for reasonable attorneys' fees and costs.  ECF No. 13-1.

On May 1, 2024, the case was assigned to my Chambers for the limited purpose of a Report and Recommendation on the pending Motion for Default Judgment.  ECF No. 14.  I issued a Report and Recommendation on June 26, 2024.  ECF No. 15.  On July 9, 2024, Plaintiff filed an Objection to the Report and Recommendation.  ECF No. 16.  This Amended Report and Recommendation thus supersedes the original Report and Recommendation.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which the Clerk of the Court may enter "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear.  Fed. R. Civ. P. 55(b)(1).  The entry of default judgment is a matter within the discretion of the Court.  *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).  Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party,'" *id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).  Default judgment is proper when a defendant is unresponsive.  *See, e.g.*, *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896–97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters., Inc.*, 446 F. Supp. 2d at 405–06 (finding

3

appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pleaded factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g.*, *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972 at *2–3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No. DKC 10-2962, 2011 WL 5149832 at *2–3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544–45 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pled and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied. *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544–45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

## ANALYSIS

I.   **Jurisdiction and Venue**

This court has jurisdiction over Plaintiff's claim pursuant to section 502(e) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e).  29 U.S.C. § 1132(e)(1) provides that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, [or] fiduciary."  *Id.* § 1132(e)(1). Plaintiff's action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145.  ECF No. 5, at 1–2.  Plaintiff is a fiduciary of NEBF.  *Id.*  Therefore, Plaintiff has established all jurisdictional requirements of ERISA.

Additionally, venue is proper in this judicial district because NEBF is administered in Rockville, Maryland, which is located in this district.  *Id.* at 2; *see* 29 U.S.C. § 1132(e)(2) (stating that venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found").

## II. Employee Retirement Income Security Act Liability

Section 515 of ERISA provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Employers who fail to make such contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and legal costs, and any other relief the Court deems appropriate.  *Id.* § 1132(a), (g).  To establish ERISA liability, Plaintiff must show that Defendant was obligated to make contributions to NEBF under the terms of a collective bargaining agreement and that Defendant failed to make such contributions.

5

Plaintiff has sufficiently established the above elements. NEBF is a multiemployer plan within the meaning of ERISA. ECF No. 13-4, at 1. Defendant is an employer that has agreed to contribute to NEBF by assenting to a collective bargaining agreement with a labor union. ECF No. 5, at 2; ECF No. 13-5. The collective bargaining agreement to which Defendant assented requires that employers contribute to NEBF "an amount equal to 3% of the gross monthly labor payroll paid to, or accrued by, the employees in this bargaining unit." ECF No. 13-5; ECF No. 13-6, at 28. Plaintiff has provided NEBF's delinquency report, which indicates that Defendant has failed to pay NEBF $66,834.91 that it owed under the collective bargaining agreement. ECF No. 13-8, at 1. Therefore, ERISA's elements are met, and Plaintiff has established liability.

### III. Damages

If the complaint alleges facts sufficient for the Court to find liability, then the Court turns to damages. *Walsh v. Yost*, No. 8:20-cv-00449-PX, 2022 WL 9362277, at *2 (D. Md. Oct. 14, 2022). Damages are limited to what is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing, by affidavit, or by other records. *Id.*; *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010). Under ERISA's enforcement provision, Plaintiff may recover: (1) unpaid contributions; (2) any interest on the unpaid contributions; (3) liquidated damages in "an amount equal to the greater of . . . (i) interest on the unpaid contributions, or . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions; (4) reasonable attorneys' fees and costs; and (5) "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "[W]hile the Court may hold a hearing to prove damages, it is not required to do so. It may instead rely on 'detailed affidavits or documentary

6

evidence to determine the appropriate sum.'" *Trs. of Nat'l Elec. Benefit Fund v. All Nu Elec. Contracting Corp.*, No. GJH-22-0544, 2023 WL 1416553, at *2 (D. Md. Jan 31, 2023) (quoting *Adkins v. Tesco*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)); *Monge*, 751 F. Supp. 2d at 795 ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

The supporting documentation establishes the amount due. Plaintiff's affidavit and delinquency report establish that Defendant was delinquent on $81,216.62 in contributions from November 2022 through December 2023, of which $66,834.91 remained unpaid. *See* ECF No. 13-4, at 2–3; ECF No. 13-8, at 1. The NEBF Trust Agreement, to which Defendant is bound, specifies that NEBF may collect interest on delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in the amount of twenty percent (20%) of the delinquent contributions, and expenses incurred in "collecting delinquent contributions." *See* ECF No. 13-4, at 2–3; ECF No. 13-7, at 7–8. The recovery of such costs is permitted by the enforcement provision of ERISA. *See* 29 U.S.C. § 1132(g)(2). Plaintiff calculated a ten percent (10%) per annum interest rate between November 2022 to the filing of its motion for default judgment amounting to $6,705.16 in interest. ECF No. 13-8, at 1. As for liquidated damages, Plaintiff states that it is entitled to twenty percent (20%) of all delinquent contributions — including late contributions that had been paid by the time Plaintiff filed this lawsuit — from November 2022 through December 2023, amounting to $16,243.32. *See* ECF No. 5, at 3; ECF No 13-8, at 1. While ERISA's enforcement provision authorizes Plaintiff to recover liquidated damages for only the unpaid contributions, the NEBF Trust Agreement authorizes Plaintiff to recover liquidated damages for all delinquent contributions — that is, all contributions that were not paid in accordance with the terms of the Trust Agreement. *See* ECF No. 13-7, at 2, 7. Therefore, Defendant is liable for

liquidated damages for both its unpaid contributions and its late-paid contributions.  *See Trs. of Glaziers Local 963 Pension, Welfare, & Apprentice Funds v. Walker & Laberge Co.*, 619 F. Supp. 1402, 1405 (D. Md. 1985) (holding that defendant was liable for liquidated damages "for all contributions paid to the respective employee plans in an untimely manner as mandated by the trust agreements which govern the plans").

 Further, Plaintiff has provided documentation demonstrating that it has spent an additional $1,484.25 in attorneys' fees and legal costs pursuing this action.  ECF No. 13-1, at 3.  Although Plaintiff's counsel failed to provide information indicating his experience level, the hourly fee he charged, $225.00 per hour, is reasonable because it is a rate that this Court's local rules have endorsed as reasonable for attorneys with the lowest number of years of experience.  *See* Loc. R. app. B at 127 (D. Md. 2023) (recommending an hourly rate of $150–$225 for attorneys admitted to the bar for less than five years).  Plaintiff's counsel's total number of hours expended on the case, 4.1 hours, is also reasonable.  *See, e.g.*, *Trs. of the Iron Workers Loc. Union No. 5 v. U.S. Journeymen, Inc.*, No. PWG-13-2668, 2014 WL 4053110, at *7 (D. Md. Aug. 12, 2014) (finding reasonable an attorney's billing of 5.35 hours in an ERISA action wherein the plaintiff filed a motion for default judgment); *Nat'l Elec. Benefit Fund v. Allan/Brite-Way Elec. Contractors, Inc.*, No. TDC-15-1788, 2018 WL 2435188, at *4 (D. Md. May 20, 2018) (finding reasonable 2.7 hours of attorney work and 5.2 hours of paralegal work totaling $3,146.10 in legal fees and costs to this Plaintiff in a similar ERISA action where it filed a motion for default judgment).  Plaintiff's reported legal costs, the filing fee and cost of service, ECF No. 13-1, at 3, are also reasonable.  *See, e.g.*, *Trs. of Nat'l Elec. Benefit Fund v. Loga Holding, LLC*, No. PWG-21-2917, 2022 WL 3100759, at *4 (D. Md. Aug. 4, 2022) (awarding costs of filing fee and process service fee).  Accordingly, I recommend that each of these demands be awarded.

## CONCLUSION

For the aforementioned reasons, it is recommended that Plaintiff's Motion for Default Judgment be granted in the amount of $91,267.64.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

Date:  August 7, 2024                                        _____/s/_____
                                                             Ajmel A. Quereshi
                                                             U.S. Magistrate Judge